UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARBITRON INC., | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 12-2444 |
| v. | : | |
| LONGPORT MEDIA LLC and McGAVREN GUILD MEDIA LLC, | : | MEMORANDUM OPINION & ORDER |
| Defendants. | : | |

This matter is before the Court on Plaintiff Arbitron Inc.'s Motion to Dismiss [24] Defendant Longport Media LLC's Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). Oral argument on the motion was heard on February 21, 2013. For the reasons articulated on the record that day, and those set forth below, the Plaintiff's Motion to Dismiss the Counterclaim will be granted.

## **Background**

Arbitron allegedly is one of the nation's leading firms in the field of radio audience measurement and has been for more than 50 years. Arbitron's claims in this action arise from the Defendants' allegedly unauthorized reproduction and distribution of Arbitron's copyrighted estimates. Specifically, Arbitron alleged that Defendant McGavren Guild Media LLC, an Arbitron licensed subscriber recently dismissed from the case by Arbitron via settlement, improperly disclosed Arbitron's copyrighted radio listening estimates to Longport, a non-subscriber. Longport then used those copyrighted estimates in a presentation it made to an individual it believed to be a potential advertiser, allegedly infringing upon Arbitron's copyrights in violation of 17 U.S.C. § 501. Arbitron seeks statutory damages of no less than $150,000 as well as attorney's fees and costs and an injunction restraining Longport from further using or distributing Arbitron's copyrighted works.

Longport has asserted two counterclaims, the gravamen of which is that Arbitron failed to advise its subscribers that Longport changed the format of several radio stations that it began to manage in May of 2011.  Therefore, Arbitron's Spring 2011, Fall 2011, and Spring 2012 surveys allegedly were not accurate in that "Arbitron undertook no affirmative action in the publication of its written materials resulting from its surveys for the Spring of 2011, the Fall of 2011, or the Spring of 2012 to advise the individuals and/or entities receiving said materials to make decisions concerning advertising investments and marketing investments." Counterclaim, ¶ 5.  Because Arbitron's subscribers relied upon the information Arbitron supplied in relation to selling advertising for radio station programming, and written contracts resulted, Longport contends that it is a third party beneficiary of any contract between Arbitron and its subscriber that relied on Arbitron's information to sell advertising for any radio station(s) owned by Longport.  Counterclaim, ¶ 8.

Count One alleges that Arbitron tortiously interfered with Longport's prospective economic gain purportedly by failing to disclose to Arbitron's subscribers that Longport's stations had changed formats.  Through the instant motion, Arbitron argues that Longport states no cognizable claim for relief because a claim for tortious interference may not be asserted against a defendant with whom the plaintiff has a contractual relationship.  Also, Arbitron argues that the counterclaims contain no facts rendering it plausible that Longport had any reasonable expectation that it would benefit from Arbitron's agreements to license its audience estimates to subscribers such as other radio stations in the market, advertising agencies, and advertisers.  Arbitron also contends that Longport has not alleged that it had a protectable right to have

Arbitron disclose Longport's format changes to its subscribers, or that Arbitron acted "maliciously" in allegedly failing to do so, or that Longport suffered any harm as a result. Thus, Arbitron concludes Count One fails to state a claim for tortious interference.

In Count Two, Longport counterclaims that Arbitron is liable for breach of contract because, again, Longport is a third party beneficiary of the contracts of Arbitron and its subscribers where the contracts include access to numbers concerning radio stations owned and operated by Longport, and Arbitron disseminated "misleading and false information concerning the listening audiences of the radio stations owned by Longport." Counterclaim, Count Two, ¶ 3.  Here, Arbitron argues that because the counterclaims are devoid of any facts rendering it plausible that Longport was an intended beneficiary of every Arbitron license agreement with its hundreds of subscribers, or that Arbitron breached any of these license agreements by allegedly failing to disclose Longport's format changes to its subscribers, Count Two fails to state a claim.  "By this logic," Arbitron continues, "Longport would be a third-party beneficiary under each and every agreement that Arbitron has with any entity in the entire market and would have a claim against Arbitron anytime there was a breach of an agreement with one of Arbitron's licensees.  In such a case, the basis for Longport's theory is undercut by the fact that defendant McGavren—an Arbitron subscriber—has itself not alleged that Arbitron breached its agreements in any way.  Longport's allegations are purely conclusory and fail to refer to any specific Arbitron license agreement, any terms of such an agreement, or any other facts rendering it plausible that Arbitron intended to benefit Longport when contracting to provide radio ratings to its subscribers." (Arbitron Br., p. 2.)

**Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

While Arbitron has alleged that Longport used Arbitron's copyrighted radio listening estimates in a presentation it made to an individual it believed to be a potential advertiser in violation of Arbitron's copyrights, Longport has countered that Arbitron tortiously interfered with Longport's prospective economic gain by failing to disclose to Arbitron's subscribers that several of Longport's radio stations had changed format. Accordingly, Arbitron's subscribers may have relied on inaccurate information in making decisions concerning advertising and/or marketing investments. Longport necessarily contends that it is a third-party beneficiary to any license agreement between Arbitron and any Arbitron licensed subscriber that relies on information provided by Arbitron about radio stations owned and operated by Longport. See Counterclaim, ¶ 8.

To state a claim under New Jersey law for tortious interference with a prospective business relationship, Longport must allege: (1) that Longport had a reasonable expectation of an economic benefit or advantage; (2) that Arbitron knew of Longport's expectancy; (3) that Arbitron wrongfully and intentionally interfered with this expectancy; (4) a reasonable probability that but for Arbitron's wrongful interference, Longport would have realized the economic benefit; and (5) that Longport was injured as a result of Arbitron's conduct. Fineman v. Armstrong World Industries, Inc., 980 F.2d 171, 186 (3d Cir. 1992) (citing Printing Mart-Morristown v. Sharp Elec. Corp., 563 A.2d 31, 37 (N.J. 1989)); Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 256

F. Supp. 2d 249, 287-88 (D.N.J.2003) (citations omitted).  To state a claim of tortious interference, a plaintiff must do more than assert that it lost business.  It "must allege facts that show an existing or prospective economic or contractual relationship"; the "mere allegation of lost business does not suffice."  Eli Lilly and Co. v. Roussel Corp., 23 F. Supp. 2d 460, 494 (D.N.J. 1998).  Nor does the "claimed loss of . . . unknown customers . . . standing alone, state a claim for tortious interference with prospective business relations."  Id.

      Here, the Counterclaim fails to set forth facts that show a *reasonable* expectation by Longport of economic benefit or advantage, knowledge by Arbitron of any expectation by Longport, or that Longport suffered any damage as a result of Arbitron's conduct.  Therefore, Count One of the Counterclaim will be dismissed for failure to state a claim upon which relief may be granted.

      Next, Longport counterclaims that by disseminating "misleading and false information concerning the listening audiences of the radio stations owned and operated by Longport," Counterclaim, Count Two, ¶ 3, Arbitron breached "its contracts with subscribers where said contracts include access to numbers concerning the radio stations owned and operated by Longport," id., to which Longport is a third-party beneficiary, id. at Counterclaim, Count Two, ¶ 2.  "[A] third party beneficiary may sue on a contract when it is an intended and not an incidental beneficiary."  Broadway Maintenance Corp. v. Rutgers, State Univ., 447 A.2d 906, 915 (N.J. 1982).  "The principle that determines the existence of a third party beneficiary status focuses on whether the parties to the contract intended others to benefit from the existence of the contract, or whether the benefit so derived arises merely as an unintended incident of

the agreement. . . . The contractual intent to recognize a right to performance in the third person is the key. If that intent does not exist, then the third person is only an incidental beneficiary, having no contractual standing." Id. at 909.

Again, the Counterclaim fails to set forth facts that would tend to establish that Longport was an intended beneficiary of Arbitron's license agreements with its subscribers. Therefore, Longport's Counterclaim for breach of contract will be dismissed.

Regarding Longport's argument that dismissal of its Counterclaim would be premature because discovery had not yet been conducted at the time of briefing, the Court finds "[t]his argument misses a substantial point about pleading requirements and the purpose of discovery. To state a viable claim, a plaintiff must make factual allegations that are 'enough to raise a right to relief above the speculative level on the assumption that all of the Complaint's allegations are true (even if doubtful in fact).' Twombly, 550 U.S. 556 (internal citations omitted). The purpose of discovery is to uncover evidence of the facts pleaded in the Complaint, see id., not 'to find a cause of action,' Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 204 (3d Cir. 2006). . . . Discovery should not serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pleaded." Smith v. Lyons, Doughty & Veldhuius, P.C., Civ. Action No. 07-5139, 2008 WL 2885887, at *5 (D.N.J. Jul. 23, 2008). Moreover, the Court notes that fact discovery was to close at the end of last month, and Longport failed to supplement its opposition to the instant motion with any facts it may have uncovered.

Finally, the Court finds that granting leave to amend the Counterclaim would be futile.

8

## **Conclusion**

For these reasons, as well as those discussed during oral argument,

IT IS ORDERED on this 19th day of March, 2013, that Plaintiff Arbitron Inc.'s Motion to Dismiss Defendant Longport Media LLC's Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) is hereby GRANTED.

      /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.